UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT CLARK<br>    1282 16th Street, N.E., Apt. A<br>    Washington, D.C. 20002<br><br>         Plaintiff,<br><br>    v.<br><br>FEDERAL EXPRESS CORPORATION<br>    3610 Hacks Cross Road<br>    Memphis, Tennessee 38125<br><br>    Serve: CT CORPORATION SYSTEM<br>        1015 15th Street, N.W.<br>        Suite 1000<br>        Washington, D.C. 20005<br><br>    and<br><br>JOHN DOE DEFENDANT 1<br><br>         Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____ |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Robert Clark ("Mr. Clark," "Plaintiff"), and for his Complaint against Defendant Federal Express Corporation ("Fedex") and unidentified John Doe Defendant 1 (collectively, "Defendants") states as follows:

### JURISDICTION AND VENUE

1.      Subject matter jurisdiction in this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332(a)(1).

1

2.     The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3.     Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

4.     Plaintiff Robert Clark is an adult citizen of the District of Columbia, residing at 1282 16th Street, N.E., Apt. A, Washington, D.C. 20002.

5.     Upon information and belief, Defendant Federal Express Corporation is a company organized and existing under the laws of the State of Delaware and operating throughout the United States, with headquarters at 3610 Hacks Cross Road, Memphis, Tennessee 38125. At all relevant times, Fedex was in the business of providing package delivery services which it accomplished, in relevant part, through the use of motor vehicles.

6.     John Doe Defendant 1 (the "Operator") was the operator of the Fedex Van (the "Van") involved in the incident described herein. At all relevant times, the Operator was acting in the course and scope of his employment and/or agency with Fedex, thereby rendering Fedex vicariously liable for all of his tortious acts and omissions in causing the injuries to Plaintiff.

## FACTS

7.     On the morning of April 20, 2016, Mr. Clark was riding his bicycle on his typical morning commute from his home to work.

8.     Plaintiff was completely stopped at a red traffic light headed southbound on Florida Avenue, N.W. at its intersection with 6th Street, N.W.

9.     Mr. Clark was at the front of a line of traffic in the left lane of southbound Florida Avenue, N.W.

10.     D.C. Mun. Regs. tit. 18 § 1200.3 (2016) states that "operators of bicycles have the same rights as do operators of motor vehicles…" Accordingly, Plaintiff had the right to ride his bicycle in the left lane of southbound Florida Avenue, just as he would have that right had he been driving a car.

11.     At the same time, sitting behind Mr. Clark at the red light was the Operator in the Van.

12.     Upon information and belief, at the time of the incident, the Van had District of Columbia tags, and the plate number was C-72139.

13.     At all relevant times herein, the Operator was operating the Van in furtherance of Fedex's business, with Fedex's consent, and within the scope of his duties as Fedex's agent, servant, and/or employee.

14.     The Van Operator failed to recognize Mr. Clark's completely stopped bicycle sitting at the red light in front of him and, as the red light changed to a green light, the Operator suddenly accelerated the Van forward, violently striking Mr. Clark from behind with its right side mirror and sending him to the pavement.

15.     After the incident, the Operator continued driving as if nothing had occurred, without stopping to check on Mr. Clark's well-being.

16.     A cab driver followed the Operator for several blocks before finally getting the Operator's attention and informing him that he had struck a bicyclist.

17.     The Operator stated that he did not see Mr. Clark and gave no indication that he would return to the location of the incident.

18. The the cab driver took down the Van's D.C. tag number, returned to the scene and provided the information to Mr. Clark.

19. As a direct and proximate result of the Operator's tortious actions as aforesaid, Plaintiff suffered severe and permanent injuries to numerous parts of his body, including but not limited to a torn right ACL, which has necessitated surgery and extensive rehabilitation. The ACL surgery was unsuccessful and Plaintiff's treating surgeon does not recommend another surgery. Therefore, Plaintiff has permanent impairment stemming from the incident.

20. At no time did Plaintiff act in a negligent manner, nor did he assume any risk.

**COUNT I - Negligence and Negligence *Per Se* (Against John Doe 1, the "Operator")**

21. The preceding paragraphs are incorporated by reference as though fully set forth herein.

22. At all relevant times, the Operator owed Plaintiff, as another user of the public roadways, a duty of care to operate the Van in a safe and proper manner.

23. At all relevant times herein, there was in effect in the District of Columbia 18 D.C.M.R. § 2213.4, which provides: "An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle."

24. 18 D.C.M.R. § 2213.4 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and the Operator cannot offer an explanation as to his violation of such regulation, thereby rendering the Operator negligent *per se* (*i.e.*, as a matter of law).

25. At all relevant times herein, there was in effect in the District of Columbia 18 D.C.M.R. § 2206.1, which provides: "No person shall start a vehicle which is stopped, standing or parked unless and until the movement can be made with reasonable safety."

26.     18 D.C.M.R. § 2206.1 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and the Operator cannot offer an explanation as to his violation of such regulation, thereby rendering the Operator negligent *per se* (i.e., as a matter of law).

27.     At all relevant times herein, there was in effect in the District of Columbia D.C. Code § 50–2201.04, which provides: "A person shall be guilty of reckless driving if the person drives a vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger a person or property."

28.     D.C. Code § 50–2201.04 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and the Operator cannot offer an explanation as to his violation of such regulation, thereby rendering the Operator negligent *per se* (i.e., as a matter of law).

29.     The Operator breached the aforesaid duties of care, breached the applicable standards of care, and was negligent and/or negligent *per se* in the following ways, *inter alia*:

(a)     Failure to pay full time and attention to the operation of the Van;

(b)     Failure to keep a proper lookout;

(c)     Failure to operate the Van safely;

(d)     Failure to maintain control of the Van;

(e)     Driving at a dangerous and reckless speed; and,

(f)     Violating the above-listed local regulations without explanation.

30.     Plaintiff's injuries were a direct and proximate result of the aforesaid wrongful acts and neglect of the Operator.

31.    Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

32.    As a direct and proximate result of the negligent acts and omissions of the Operator, Plaintiff suffered severe, permanent, and life-altering injuries, including, but not limited to, a torn right ACL, which necessitated surgery and extensive rehabilitation. The ACL surgery was unsuccessful and Plaintiff's treating surgeon does not recommend another surgery. Therefore, Plaintiff has permanent impairment stemming from the incident.

33.    As a further direct and proximate result of the negligent acts and omissions of the Operator, Plaintiff suffered and will continue to suffer intense physical and emotional pain and suffering.

34.    Plaintiff's injuries continue to impact every aspect of his life and will do so for the rest of his life.

35.    As a further direct and proximate result of the negligent acts and omissions of the Operator, Plaintiff incurred and will in the future continue to incur significant medical expenses, including, but not limited to, those costs associated with surgery, the recovery therefrom, and physical therapy.

36.    As a further direct and proximate result of the negligent acts and omissions of the Operator, Plaintiff has suffered a past loss of earnings and an impairment of future earning capacity.

37.    As a further direct and proximate result of the negligent acts and omissions of the Operator, Plaintiff was, and continues to be, prevented from pursuing his normal routine and customary activities.

38.     As a further direct and proximate result of the negligent acts and omissions of the Operator, Plaintiff has been caused to undergo, and will undergo in the future, physical and mental pain and suffering.

39.     For such injuries proximately resulting from the negligent acts and omissions of the Operator, the Operator is liable to Plaintiff for compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Operator, as follows: (1) compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

### COUNT II – Respondeat Superior/Vicarious Liability (Against Fedex)

40.     The preceding paragraphs are hereby incorporated by reference as though fully set forth herein.

41.     At all relevant times, the Operator was the agent, servant and/or employee of Fedex and was acting within the scope of the agency, servitude and/or employment of Fedex at the time of the incident, rendering Fedex legally liable.

42.     The aforesaid incident was caused by and was the direct, sole, and proximate result of the negligence of the Operator, Fedex's agent, servant, and/or employee.

43.     Fedex, through its agent, servant, and/or employee, owed Plaintiff a duty of care to operate the Van in a proper fashion with the degree of care and skill that a reasonably competent driver would have exercised under similar circumstances.

44.     At all relevant times herein, there was in effect in the District of Columbia 18 D.C.M.R. § 2213.4, which provides: "An operator shall, when operating a vehicle, give full time and attention to the operation of the vehicle."

45.     18 D.C.M.R. § 2213.4 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither Fedex nor the Operator can offer an explanation as to the Operator's violation of such regulation, thereby rendering Fedex negligent *per se* (i.e., as a matter of law).

46.     At all relevant times herein, there was in effect in the District of Columbia 18 D.C.M.R. § 2206.1, which provides: "No person shall start a vehicle which is stopped, standing or parked unless and until the movement can be made with reasonable safety."

47.     18 D.C.M.R. § 2206.1 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither Fedex nor the Operator can offer an explanation as to the Operator's violation of such regulation, thereby rendering Fedex negligent *per se* (i.e., as a matter of law).

48.     At all relevant times herein, there was in effect in the District of Columbia D.C. Code § 50–2201.04, which provides: "A person shall be guilty of reckless driving if the person drives a vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger a person or property."

49.     D.C. Code § 50–2201.04 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither Fedex nor the Operator can offer an explanation as to the Operator's violation of such regulation, thereby rendering Fedex negligent *per se* (i.e., as a matter of law).

50.     Fedex, through its agent, servant, and/or employee, breached the aforesaid duties of care, breached the applicable standards of care, and was negligent and/or negligent *per se* in the following ways, *inter alia*:

(a)     Failure to pay full time and attention to the operation of the Van;

(b)     Failure to keep a proper lookout;

(c)     Failure to operate the Van safely;

(d)     Failure to maintain control of the Van;

(e)     Driving at a dangerous and reckless speed; and,

(f)     Violating the above-listed local regulations without explanation.

51.     Plaintiff's injuries were a direct and proximate result of the aforesaid wrongful acts and neglect of Fedex's agent, servant and/or employee.

52.     Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

53.     As a direct and proximate result of the negligent acts and omissions of Fedex's agent, servant, and/or employee, Plaintiff suffered severe, permanent, and life-altering injuries, including, but not limited to, a torn right ACL, which necessitated surgery and extensive rehabilitation. The ACL surgery was unsuccessful and Plaintiff's treating surgeon does not recommend another surgery. Therefore, Plaintiff has permanent impairment stemming from the incident.

54.     As a further direct and proximate result of the negligent acts and omissions of Fedex's agent, servant, and/or employee, Plaintiff suffered and will continue to suffer intense physical and emotional pain and suffering.

55.     As a further direct and proximate result of the negligent acts and omissions of Fedex's agent, servant, and/or employee, Plaintiff incurred and will in the future continue to incur significant medical expenses, including, but not limited to those costs associated with surgery, the recovery therefrom, and physical therapy.

56.     As a further direct and proximate result of the negligent acts and omissions of Fedex's agent, servant, and/or employee, Plaintiff has suffered a past loss of earnings and an impairment of future earning capacity.

57.     As a further direct and proximate result of the negligent acts and omissions of Fedex's agent, servant, and/or employee, Plaintiff was, and continues to be, prevented from pursuing his normal routine and customary activities.

58.     As a further direct and proximate result of the negligent acts and omissions of Fedex's agent, servant, and/or employee, Plaintiff has been caused to undergo, and will undergo in the future, physical and mental pain and suffering.

59.     For such injuries proximately resulting from the negligent acts and omissions of Fedex's agent, servant, and/or employee, for which Fedex is legally responsible, Fedex is liable to Plaintiff for compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Fedex, as follows: (1) compensatory damages in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

ROBERT CLARK

Kenneth J. LaDuca, D.C. Bar #1031173
GRENIER LAW GROUP PLLC
1400 L Street, N.W., Suite 420
Washington, D.C. 20005
kladuca@grenierlawgroup.com
Tel: (202) 768-9600
Fax: (202) 768-9604

Dated: February 23, 2018